STODDARD v. BREWER.

Injunction—Judgment—Res Judicata—Adequacy of Remedy at Law.

> Injunction against threatened action at law by defendant against plaintiff will not lie because of prior determination had between the parties since plaintiff herein will have adequate protection if the holding in the former case is *res judicata* of the issues in the threatened action.

Appeal from Ingham; Hayden (Charles H.), J. Submitted October 10, 1944. (Docket No. 71, Calendar No. 42,856.) Decided November 30, 1944.

Bill by Howard J. Stoddard against Joseph Hillyer Brewer, executor of the estate of Joseph H. Brewer, deceased, to restrain the commencement of any action at law involving the transaction set forth in a certain agreement. Decree dismissing bill of complaint. Plaintiff appeals. Affirmed.

*Shields, Ballard, Jennings & Taber,* for plaintiff.

*McPherson, Harrington, Waer & Cary,* for defendant.

Wiest, J. The bill in this case was filed to restrain, by injunction, threatened action at law by defendant against plaintiff upon the ground that transactions between the parties, as reduced to writing,

---

Injunctive relief to prevent harm not granted if protection at law is adequate, see 2 Restatement, Contracts, § 380 (1) (a).

were determined to be contrary to public policy in *Brewer* v. *Stoddard,* 309 Mich. 119.

Defendant states:

"In *Brewer* ʋ. *Stoddard,* 309 Mich. 119, plaintiff proceeded upon the theory that all prior agreements between the parties were merged in the contract of June 10, 1940, upon which that suit was brought. In the action now before the court he bases his claim of right to recover upon the pre-existing contract because the contract of June 10, 1940, has been held unenforceable."

If the holding in the former case is *res judicata* of the issues in the threatened action then plaintiff herein will have adequate protection at law. We find nothing calling for equity intervention.

Dismissal of the bill is affirmed, with costs to defendant.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.